

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 5, 1957

Hon. E.H. Thornton, Jr.
Chairman, Texas Highway Department
Austin, Texas

Opinion No. WW-45

Re: Legality of the use of State monies
by the Highway Commission for re-
imbursement for relocation of Util-
ities occupying Highway rights of
way by virtue of statutory autho-
rity when relocation is necessary due
to Highway improvement under the Fed-
eral-Aid Highway Act of 1956.

Dear Sir:

The following question was presented in your recent letter:

"Where utilities have located on highway rights
of way by virtue of statutory authorities, and such
utilities do not hold a prior property right, we
are not quite sure of our position in respect to
participating in the cost of utility relocations
which are made necessary by public safety and fu-
ture highway construction work. Please advise if
in view of the State Constitution and governing
State laws, and also in view of the above mentioned
Federal legislation and governing rules and regu-
lations, the State Highway Commission has authority
to use State and Federal highway funds to effect
such utility adjustments or relocations."

The pertinent portion of the Federal Aid Highway Act of
1956 is as follows:

"Sec. III.  RELOCATION OF UTILITY FACILITIES.
(a) Availability of Federal Funds for Reim-
bursement to State.

Subject to the conditions contained in this section, when-
ever a State shall pay for the cost of relocation of utility facili-
ties necessitated by the construction of a project on the Federal-aid
primary or secondary systems or on the Interstate System, including
extensions thereof within urban areas, Federal funds may be used to
reimburse the State for such cost in the same proportion as Federal
funds are expended on the project; Provided, that Federal funds shall
not be apportioned to the States under this section when the payment

to the utility violates the law of the State, or violates a legal contract between the utility and the State." (Emphasis added.)

Since Federal Aid Highway Act provides that federal funds "shall not be apportioned to states for the relocation of utilities where such payment violates the law of the State," the question here resolves into whether or not the Constitution or the laws of Texas prohibit payments of State money for the relocation of utilities where the utility occupies a highway right of way by virtue of statutory authority.

Inasmuch as Article III, Section 51 of the Texas Constitution prohibits the grant of public money to any individual, association or corporation, it is necessary to examine the statutes under which the utilities have been permitted to locate on public highway rights of way to determine the nature of the right to such occupation of the right of way.

Telegraph and Telephone Corporations -

Article 1416, V.A.C.S., provides:

"Corporations created for the purpose of constructing and maintaining magnetic telegraph lines, are authorized to set their poles, piers, abutments, wires and other fixtures along, upon and across any of the public roads, streets and waters of this State, in such manner as not to incommode the public in the use of such roads, streets and waters." (This statute has been interpreted to include telephone companies. S.A. and A.P. Ry. Co. v. S.W. Tel. and Tel. Co., 93 Tex. 313, 55 S.W. 117, City of Brownwood v. Brown Telegraph & Telephone Co., 152 S.W. 709).

The authorization for location is limited by Article 1422, V.A.C.S., which gives to incorporated cities, towns and villages the power to specify the location and pass on any alteration of facilities located within their limits.

It should be observed that the permission to use the public rights of way is subject to the proviso that such use should be in a manner "as not to incommode the public in the use of such roads, streets and waters." While no Texas Court has construed this language, the courts of other jurisdiction have uniformly reasoned: since the use of the highways is primarily designed for the traveling public; and since the location of utility facilities therein is secondary and subordinate, and entitles the utility to no specific position therein, and since rights in the highways are subject to the exercise of the police power of the State and its agencies; then,

even in the absence of a specific statutory requirement, the util-
ities are required to bear the cost of any relocation necessary
for the public welfare. (Emphasis added). Southern Bell Telephone &
Telegraph v. Commonwealth, 266 S.W. 2d 308 (Ky. Ct. App. 1954);
Southern Bell Telephone & Telegraph v. Florida ex rel. Erwin, 75 So.
2d 796 (Fla. Sup. Ct. 1954); Philadelphia Suburban Water Co. v. Penn-
sylvania PUC, 78 A. 2d 46 (Penn. Superior 1951); New York City Tunnel
Authority v. Consolidated Edison Co., 68 N.E. 2d 445 (N.Y. Ct. of
App. 1946); Western Gas Co. of Washington v. Bremerton, 153 P. 2d 846
(Wash. Sup. 1944); State v. Marin Municipal Water Dist., 111 P. 2d 651
(Calif. Sup. 1941); Bell Tel. Co. of Pennsylvania v. Pennsylvania PUC,
12 A. 2d 479 (Penn. Superior 1940).

The case of Southern Bell Telephone and Telegraph v. Common-
wealth, supra, in construing a Kentucky statute similar to Article
1416, and a Kentucky constitutional provision similar to Section 51 of
Article III, held that the irrevocable, perpetual franchise granted
to a telephone Company to maintain poles and lines upon all highways
in the Commonwealth in such manner as to afford no obstruction of
public use contemplated that the telephone company might thereafter
be obligated to relocate its poles and lines at its own expense. The
Court construed the term in the statute "so as not to obstruct" as
relating to obstruction of improvements, construction and reconstruc-
tion of highways as well as to obstruction of travel upon completed
highways.

The case further held that aside from the express provision
in the statute which requires a utility to use highways in such a man-
ner "so as to not to obstruct" the use of the highways, the permission
given in the statute to the telephone company to construct its lines
in the rights of way of public highways contained an "implied condi-
tion that appellant (at its own expense) may be required to remove
and relocate its facilities when such removal and relocation are in
the interest of public convenience and safety."

It is, therefore, clear that telephone and telegraph corpo-
rations can be required to bear the expense of the relocation of their
poles and other fixtures located within public rights of way under
the permission given in Article 1416 when highway improvement dictates
such relocation.

Water Supply Corporations

Articles 1433 and 1433a, 1434a, V.A.C.S., provide that water
corporations can use the rights of way of public highways and the
streets of cities, towns, and villages subject to regulation and super-
vision by the appropriate governmental body. Articles 1433 and 1433a,

now specifically provide that the Highway Commission (or Commissioners Court in the case of a county road) may require a water corporation, after notice, to relocate its lines to permit the widening or changing of traffic lanes of the highway or road at its own expense. Before 1949, these articles did not contain specific language that relocation could be required at the utilities' expense, but the statutes did provide for regulation and supervision in the placing of the facilities by the pertinent governmental authority.

## Sewage Service Corporations

Article 1434a gives to sewer service corporations the right to locate in the rights of way of public highways under the supervision of the Highway Commission.

## Gas, Electric Current and Power Corporations

Gas, electric current and power corporations are permitted by Article 1436 to erect lines over and across any public road or a street of an incorporated city or town with the consent and under the direction of the governing body of such city or town.

Article 1436(a) gives to Electric Cooperative Corporations and other corporations engaged in the generation, transmission, or distribution of electric energy, the power to use public highways and streets for the location of its facilities, subject to the consent and direction of incorporated cities and towns, as to such use within their limits, and provided that the Highway Commission (or Commissioners Court in the case of a county road) can require the utility to relocate its facilities at its own expense should highway improvement dictate.

Gas utilities are given the right to the use of public highways and streets by Article 1436(b) in the same manner and with same restrictions and provisos as are given to electric utilities under Article 1436(a).

As in the case of Telephone and Telegraph Corporations, it is again apparent that other utilities occupying public rights of way (the Water Supply Corporations, the Sewage Service Corporations, and the Gas, Electric Current and Power Corporations) must bear the cost of relocation of their facilities when relocation is made necessary by highway or street improvement or reconstruction made in the interest of the convenience or safety of the traveling public. Such improvement and reconstruction is within the State's police power, and the cost must be borne by the utility, regardless of whether or not

the statutes contain such express language that the utility must relocate at its own expense as that found in Articles 1433, 1433a, 1436a and 1436b. Southern Bell Telephone & Telegraph Co. v. Commonwealth, supra; Southern Bell Telephone & Telegraph v. Florida ex rel. Erwin, supra; Philadelphia Suburban Water Co. v. Pennsylvania, supra; New York City Tunnel Authority v. Consolidated Edison Co., supra; Western Gas Co. of Washington v. Bremerton, supra; State v. Marin Municipal Water Dist., supra; and Bell Tel. Co. of Pennsylvania v. Pennsylvania, supra.

Therefore, since utilities can be required to bear the cost of relocation made necessary by highway construction, reconstruction, or improvement, Section 51 of Article III of the Texas Constitution would prohibit the use of State Highway funds (and Federal highway funds) to effect such relocations.

## SUMMARY

Section 51 of Article III of the Texas Constitution prohibits the State Highway Commission from using State and Federal highway funds to effect the relocations of utilities located on highway rights of way by virtue of statutory authority when highway construction and improvement under the Federal Aid Highway Act of 1956 necessitate such utility relocation.

Yours very truly,

WILL WILSON
Attorney General

By Lonny F. Zwiener
Lonny F. Zwiener
Assistant

LFZ:bt:bk

APPROVED:

OPINION COMMITTEE

H. Grady Chandler
Chairman